## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JARROD ROBINSON,**

           **Plaintiff,**

**v.**

           **Case No. 24-cv-01138-SPM**

**ANGELA CRAIN, and**
**ANTHONY WILLS,**

           **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Preliminary Injunction filed by Plaintiff Robinson. (Doc. 13). For the following reasons, the motion will be denied.

### BACKGROUND

Plaintiff Robinson, an inmate of the Illinois Department of Corrections, commenced this civil action on April 18, 2024, pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges that while he was incarcerated at Shawnee Correctional Center, on January 17, 2024, he was assaulted by correctional officers. He was kicked and punched repeatedly, and he sustained injuries to his face and right hand and arm. Following the incident, Plaintiff was transferred to Menard Correctional Center (Menard). Since his transfer, he has been experiencing pain and numbness in his right hand and arm. He has been seeking but not given medical treatment. Plaintiff asserts that he has filed grievances and sick call requests, but as of filing the Complaint on April 18, 2024, he continues to suffer and still has not been provided medical care for his injuries. (Doc. 1). Plaintiff's allegations and related claims regarding the excessive force used against him at Shawnee Correctional Center were severed into a new case and are currently being

litigated in *Robinson v. Merriman,* No. 24-cv-01681-RJD. (Doc. 15). In this case, Plaintiff is only proceeding on a single Eighth Amendment claim against Warden Wills and Nurse Practitioner Crain for deliberate indifference to Plaintiff's serious medical needs by failing to act and ensure that he receives medical care for his injuries incurred on January 17, 2024. (*Id.*).

After initiating this lawsuit, on July 1, 2024, Plaintiff filed the motion requesting a preliminary injunction and temporary restraining order that is currently before the Court. (Doc. 13). In the motion, Plaintiff asserts that he still is waiting on medical attention. He states he has "notified literally everyone" but has not received treatment for numbness and nerve pain. (*Id.*). The Court denied the request for a temporary restraining order. The Court, however, found the allegations that months had passed and Plaintiff had not been seen by a medical provider concerning. Therefore, the Court deferred ruling on the request for a preliminary injunction and instructed Defendants to respond to the motion within fourteen days of services. (Doc. 15, p. 6).

Defendants missed the response deadline. The Court then sua sponte extended the date for Defendants to respond and directed Defendants to provide information on Plaintiff's current condition and medical care in their response to the motion. (Doc. 24). Defendants again failed to follow the Court's instructions and did not provide an update on Plaintiff's medical condition or care. A hearing on the motion was scheduled for September 30, 2024. (Doc. 27). The hearing has since been canceled, reset, and then canceled again because Defendants are having difficult producing a witness who can testify as to Plaintiff's medical care. (Doc. 30, 33, 42, 43). In the meantime, without opposition from Plaintiff, Defendants have supplemented their response with relevant medical records and an attestation from Connie Dolce, the current healthcare unit administrator at Menard. (Doc. 42-1, 42-2, 42-3, 42-4, 42-5; Doc. 41). In light of these new exhibits, and Plaintiff's recent motion titled "Order for Show Cause from a Preliminary Injunction and Temporary Restraining Order," (Doc. 44), the Court finds it appropriate to rule on the motion

based on the record and that rescheduling the hearing is unnecessary at this time.

### MOTION FOR PRELIMINARY INJUNCTION

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). Because preliminary injunctive relief is "an extraordinary and drastic remedy," it should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, in the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683.

The Court finds that Plaintiff is not entitled to a preliminary injunction at this time. First, he has not demonstrated that he is likely to succeed on the merits of his Eighth Amendment deliberate indifference claim against Wills and Crain. In order to prevail on a claim of deliberate indifference, Plaintiff must show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). Assuming that the pain and numbness in his right hand and arm amount to an objectively serious medical condition, Plaintiff has not presented evidence to substantiate his claim that Defendants were aware of and consciously disregarded his medical needs.

In the Complaint, Plaintiff alleges that after his transfer to Menard, he "filed grievances

Page 3 of 7

scanned in sick calls but to no avail." (Doc. 1, p. 6). He goes on to state that "Angela Crain and Warden Anthony Wills have done nothing but allowed me to[] suffer." (*Id.*). Along with his Complaint, Plaintiff has provided a copy of a counseling summary which states that his grievance regarding lack of medical care sent on February 16, 2024, was deemed a non-emergency by the Chief Administrative Officer and was still being processed. (*Id.* at p. 10). While claims can sometimes be made against officials for their failure to exercise their authority to remedy a situation, Plaintiff cannot make out a deliberate indifference claim solely premised on the processing or mishandling of a grievance. *Owens v. Hinsley*, 635 F.3d 950 (7th Cir. 2011). Here, the single grievance documentation and Plaintiff's vague allegations in the Complaint are simply not sufficient to show that Walls and Crain received and ignored Plaintiff's repeated requests for medical assistance. *See Doe v. Univ. of Southern Ind.,* 43 F. 784, 791 (7th Cir. 2022) (stating that in assessing the merits for the purposes of a preliminary injunction motion, the court does not accept allegations as true or give the plaintiff "the benefit of all reasonable inferences in his favor"). It is not clear how Plaintiff plans to demonstrate deliberate indifference on the part of Wills and Crain, a key element of the case, and therefore, he has not met the burden of showing that he has a likelihood of succeeding on the merits. *See Ill. Republican Party v. Pritzker,* 973 F. 3d 760, 762 (7th Cir. 2020).

Second, Plaintiff has not demonstrated that he will suffer irreparable harm absent a Court ordered injunction. The medical records indicate Plaintiff was seen by a neurologist on April 22, 2024, who conducted a nerve conduction study. (Doc. 42-2). The neurologist diagnosed with "mild/borderline carpal tunnel syndrome." The neurologist further noted in the medical record that the "ulnar motor nerves are intact. EMG of the right upper extremity is unremarkable. There is no denervation noted." (Doc. 42-2, p. 1). On June 29, 2024, Plaintiff had an appointment with a nurse for right hand "pain/discomfort." (Doc. 40, p. 1). He was given ibuprofen. (*Id.*). In July, he saw

the nurse practitioner for a follow-up exam after his appointment with the neurologist and to review the nerve conduction study results. (*Id.* at p. 2; Doc. 44). The nurse practitioner recorded that Plaintiff reported having continued numbness in the fingers of his right hand but "doesn't want surgery." (*Id.*). The nurse practitioner prescribed a wrist sleeve and Cymbalta. (*Id.*). Plaintiff was seen by a nurse on July 24, 2024, for "stabbing" pain in his right hand. (*Id.* at p. 3). He was again given Ibuprofen. (*Id.*). On August 14, 2024, Plaintiff received his carpal tunnel brace and medical permit for the brace. (Doc. 42-3).

Since arriving at Menard and receiving a diagnosis of carpal tunnel, Plaintiff has been in two altercations with other individuals at Menard, on July 17 and again on October 14. (Doc. 42-5, p. 1; Doc. 44, p. 1). Plaintiff was seen by a nurse on October 16 for throbbing pain in both hands. (Doc. 42-4, p. 2). The medical record from this appointment indicates that his hands were injured "during a fight." (*Id.*). The nurse noted slight swelling with "no obvious signs of fracture, no bruising." (*Id.*). Plaintiff was again seen on October 26, 2024, by an LPN for hand pain. (*Id.* at p. 3). The LPN noted "some minor swelling on left knuckle" and that Plaintiff voiced "only minor discomfort." (*Id.*). Plaintiff was referred to the medical doctor for further evaluation.

Based on these medical records, which Plaintiff has not refuted, and Plaintiff's own filings, the Court finds that Plaintiff has not made a clear showing that immediate and irreparable injury will result without a preliminary injunction. *See Wright v. Miller*, 561 F. App'x 551, 554 (7th Cir. 2014). In the motion filed on November 12, 2024, which the Court construes as a second emergency injunctive relief, Plaintiff claims that he even though he has been seen by medical providers, specifically on July 11, 2024, he has not received "proper medical treatment," and still suffers from nerve pain and numbness as a result from the staff assault on January 17, 2024, at Shawnee Correctional Center. (Doc. 44). Although he is dissatisfied with his care at Menard and continues to experience hand pain due to subsequent and unrelated conduct and injuries that have

occurred since his transfer and filing of this case, there is no evidence that he is being denied medical treatment. Plaintiff's dissatisfaction with the treatment decisions does not show likely harm. For these reasons, the Court will not grant Plaintiff a preliminary injunction. (Doc. 13).

**SECOND MOTION FOR EMERGENCY INJUNCTIVE RELIEF**

As mentioned above, Plaintiff has recently filed a motion titled "Order for Show Cause from a Preliminary Injunction and Temporary Restraining Order." (Doc. 44). In the motion, Plaintiff again seeks emergency injunctive relief to receive adequate medical treatment for the injuries sustained on January 17, 2024. For the reasons, stated above, the request is denied.

Plaintiff also seeks a transfer to another correctional facility where he will be protected and receive proper medical and mental health treatment. He asserts that on July 17, 2024, he was assaulted by two officers and on October 14, 2024, he was in a physical altercation with another inmate in the shower. (Doc. 44). Plaintiff claims that he was approved for protective custody and should not have been placed in the shower with other inmates. He also states that he has various mental health conditions – ADHAD, ADD, bipolar depression, antisocial personality disorder, and – post traumatic stress disorder, and staff is not providing him proper mental health treatment for these conditions.

The request for emergency injunctive relief ordering Plaintiff's transfer is denied. The request is based on allegations that do not pertain to the constitutional violations alleged in the Complaint and are against individuals who are not parties to this case. Thus, it is impossible for Plaintiff to show a likelihood of success on the merits of these new claims regarding excessive force, denial of mental health treatment, and failure to protect. Plaintiff will need to file a new lawsuit after properly exhausting his available administrative remedies if he wishes to prosecute these alleged constitutional violations. The Court states no opinion on the merits of any such claims.

**DISPOSITION**

For the reasons stated above, the Motion for Preliminary Injunction is **DENIED**. (Doc. 13).

The hearing on the Motion for Preliminary Injunction will not be reset. The Order for Show Cause

from a Preliminary Injunction and Temporary Restraining Order requesting emergency injunctive

relief is **DENIED**. (Doc. 44).

**IT IS SO ORDERED.**

**DATED: November 15, 2024**

 _s/Stephen P. McGlynn_____
**STEPHEN P. MCGLYNN**
**United States District Judge**